IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2005 JUL 20  A 10: 59

| | |
|---|---|
| MEDICAL PAVILION, INC. ) | C/A No.:_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | COMPLAINT |
| DELTA METALS, INC. ) | (Jury Trial Demanded) |
| GAF MATERIALS CORPORATION ) | |
| ) | |
| Defendants. ) | |

The Plaintiff complaining of the Defendants herein would respectfully show unto this Honorable Court as follows:

1. The Plaintiff is a corporation organized under the laws of South Carolina owning property and doing business in Beaufort South Carolina.

2. Defendant, Delta Metals, Inc. is a corporation organized and existing under the laws of Georgia with its principle place of business in Savannah, Georgia. It was the contractor and acted as the Construction Manager supervising the construction of the roof at the Plaintiff's building located at 25 Hospital Center Boulevard, Hilton Head, South Carolina.

3. Defendant, GAF Materials Corporation (hereafter GAF) is a corporation organized and existing under the laws of Delaware with its principle place of business in Wayne, New Jersey. It provided the roofing material and issued the warranty on the roof of the building located at 25 Hospital Center

1

Boulevard, Hilton Head, South Carolina. Furthermore, GAF inspected and and approved the installation of the roof. Based on this inspection, Plaintiff made final payment to Delta Metals. GAF issued a warranty on the roof effective July 29, 2002.

4.  GAF was refused to honor its warranty despite repeated request by the Plaintiff that it do so.

5.  Delta Metals Inc. was responsible for furnishing labor, materials, tools, equipment, taxes, licenses, insurance, and qualified supervision necessary to fully perform and in every respect to complete certain roofing work to be incorporated into/installed at 25 Hospital Center Boulevard, Hilton Head, South Carolina.

6.  Shortly after installation of the new roof at 25 Hospital Center Boulevard, Hilton Head, South Carolina problems with leaks and ponding were discovered. Upon information and belief, the problems or defects are a result of defective construction faulty workmanship and defective materials.

7.  The defects in construction complained or include but are not limited to:

  A.  Improper roofing installation thereby allowing water infiltration and decay of structural components;

  B.  Improper and/or incomplete roofing

  C.  Improper flashing thereby allowing water infiltration and decay of structural components.

   E. Improper installation and failure of roofing materials;

   F. Improper and/or lack of caulking;

8. As a direct and proximate result and consequence of the numerous construction defects and problems, the Plaintiff will spend substantial sums of money for the extraordinary repairs of the building and reconstruction of the roof

9. This court has jurisdiction based on diversity of the parties. Damages in excess of One Hundred and Sixty-Five Thousand ($165,000) exceed the jurisdictional limit.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Delta Metals)

10. Plaintiffs incorporate into this cause of action the allegations of Paragraphs 1 thru 9 as above as if repeated verbatim herein.

11. Defendant, as the holder of a general contractors license and as a roofing professional owed a duty to the Plaintiffs to exercise that degree of skill necessary to supervise, and review the design and otherwise deliver the roof free of construction defects and which was built in conformity with the customary and ordinary standards of the building and construction industry.

12. The deficiencies and defects which exist at the Plaintiff's business are the proximate and direct result of the negligence and/or gross negligence of Delta Metals in one or more of the following particulars:

   A. In failing to properly exercise that degree of skill necessary to supervise and review the design and otherwise deliver the roof free of construction defects which was built in conformity with the customary and

ordinary standards of the building and construction industry.

B. In failing to properly supervise the subcontractors and/or other trades in order to insure that all work proceeded in accordance with the plans and specifications and also in conformity with the customary and ordinary standards of the construction industry;

C. In accepting non-conforming or defective materials;

D. In accepting and performing deficient and/or defective workmanship and/or materials, without proper inspection to insure that the work was correct and in conformity with industry standards and in accordance with the plans and specifications and the manufacturer's instructions;

E. Failing to install the roof system in conformance with the plans and specifications and/or failing to employ practices and methods of construction conforming to a customary and ordinary standards of the construction industry; in using and supplying defective materials; installing materials not in accordance with the plans and specifications; in installing materials in violation of manufacturer's instructions; or in performing work which violated applicable building codes.

F. Failing to install adequate flashing on exterior of the building such as to allow water to infiltrate the interior of the building.

13. As a direct and proximate result of the negligence of Delta Metals, Inc., the plaintiff has suffered damage and will continue to suffer damage to the building including but not limited to replacement of the roof system, loss of use,

loss of appreciation, deterioration of the building and constant need for upkeep and maintenance.

## FOR A SECOND CAUSE OF ACTION
(Breach of Implied/expressed Warranties Delta Metals)

14. The Plaintiffs incorporate into this cause of action the allegations of Paragraphs 1-13 above as if repeated verbatim herein.

15. Delta Metals, also impliedly warranted that the roof at 25 Hospital Center Boulevard would be constructed in a careful, diligent and workmanlike manner, free of construction deficiencies. Delta Metals expressly warranted the proper quality, character, adequacy, suitability, and workability of the material and labor it provided pursuant to Delta Metals' Contract, and further impliedly warranted the workmanship of its services and the fitness and merchantability of the product it installed.

16. Defendant Delta Metals breached its implied and expressed warranties in the following particular that included but are not limited to:

A. Failing to properly supervise the construction of the roof by deviating from the plans and specifications and/or failing to employ practices and methods of construction conforming to the customary and ordinary standards of the construction industry; in using and supplying defective material; installing materials not in accordance with the plans and specifications; in installing materials in violation of manufacturer's instructions; or in performing work which violated applicable building codes.

5

B. Failing to properly supervise employees, agents and subcontractors to assure that all work proceeds in accordance with the plans and specifications and in conformity with industry standards.

C. Accepting defective and/or non-conforming materials and/or labor.

D. Providing deficient and/or defective workmanship and/or materials, without proper inspection to assure that the work was correct, and in conformity with customary industry standards and in accordance with the plans and specifications and the manufacturer's instruction.

E. Failing to adequately seal the roof such as to allow water to infiltrate the interior of the building.

17. As a direct and proximate result and consequence of the Defendant Delta Metals breach of its implied and expressed warranties, the Plaintiff has suffered injuries and damages in the amount equal to extraordinary repair, maintenance and reconstruction costs required and to be required over the expected life of the business.

### FOR A THIRD CAUSE OF ACTION
(Negligence/GAF)

18. The Plaintiff incorporates into this cause of action the allegations of paragraphs 1-17 above as if repeated verbatim herein.

19. GAF was negligent, willful and wanton in its inspection of the roof in one or more of the following particulars:

A. In failing to adequately inspect the roofing system that allows

water infiltration into the interior portions of the building.

   B. Failure of the inspection to discover improper installation of the roofing of the exterior of the building and non existent or improper installation of flashing;

   C. Inadequate inspection and acceptance of defective or non conforming construction work.

   D. Failing to inspect and insure construction in compliance with applicable building codes and acceptable building practices.

   E. Failure to properly specify appropriate materials to be used in the construction of the building;

  20. Plaintiff relied on GAF's inspection and warranty in its acceptance of the work. As a direct and proximate result and consequence of the negligence and or gross negligence of GAF, Plaintiff has suffered injuries and damages in an amount equal to extraordinary repair, maintenance and reconstruction costs required and to be required over the expected life of the roof, loss of use and depreciation in value.

### FOR A FOURTH CAUSE OF ACTION
(Breach of Express and Implied Warranties)

  21. The Plaintiffs incorporate into this cause of action the allegations of paragraphs 1-20 above as if fully repeated verbatim herein.

  22. GAF expressly and impliedly warranted that the Roof would be of the highest quality and in conformance with the generally accepted standards of

the construction industry, and further that the specifications of materials and procedures would comply with generally accepted principals in the industry. GAF further expressly warranted that the Plaintiff's building upon completion of the new roof was suitable and fit for its intended purpose and that such roof as completed was free of design and construction defects.

26. The roof as completed, inspected, approved and warranted by GAF failed in its intended purpose. GAF has breached its s warranties by approving the roof with severe structural and water intrusion problems. That as a direct and proximate result of the breaches of contract/breaches of warranty by GAF, the Plaintiffs have suffered and will continue to suffer damage to the building, including, but not limited to, replacement of the roof, loss of appreciation, deterioration of the building and constant need for upkeep and maintenance.

WHEREFORE, Plaintiff prays for judgment against the Defendants for such actual and punitive damages as the court deems appropriate and such other and further relief as are just and proper.

FINN LAW FIRM, PC

By: _____
Thomas E. Williams (#5302)
Attorney for Plaintiffs
P.O. Box 6003
Hilton Head Island, South Carolina 29938
(843)682-3555

Hilton Head Island, South Carolina
This ___15___ Day of July 2005.