IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Medical Pavilion, Inc., | ) | Civil Action No. 9:05-2060-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT GAF MATERIALS** |
| Delta Metals, Inc. and GAF Materials | ) | **CORPORATION'S ANSWERS TO** |
| Corporation, | ) | **LOCAL CIVIL RULE 26.03, DSC,** |
| | ) | **INTERROGATORIES** |
| Defendants. | ) | |

Pursuant to Rule 26(f) Fed. R. Civ. P., and Local Civil Rule 26.03, DSC, the Defendant, GAF Materials Corporation ("GAF"), submits the following information responsive to the requirements of Local Rule 26.03:

(1)     A short statement of the facts of the case;

**RESPONSE**:

GAF Materials Corporation is a manufacturer of building materials. The Co-Defendant, Delta Metals, used GAF Materials to install a built up roof on Plaintiff's building on Hilton Head Island. After the roof construction was complete, GAF issued a warranty and guarantee for the roof in question, the terms and conditions govern what recovery, if any, the Plaintiff is entitled to receive in this case. The Co-Defendant, Delta also issued a guarantee and warranty on the roof as well. Plaintiff alleges that within weeks of the issuance of the guarantee, the roof began to leak, thereby causing damage to the roofing system. These leaks have allegedly continued since that time.

(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;

**RESPONSE**:

In addition to the witnesses listed by the Plaintiff and Delta, GAF believes the other witnesses may have relevant testimony:

    (a)    Mike Schwent of GAF inspected the roof at issue in this case;

    (b)    Tom Valveri of GAF inspected the roof at issue in this case.

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered;

**RESPONSE**:

GAF has not yet identified expert witnesses but anticipate identifying expert witnesses to testify surrounding the design and construction of the roof, as well as the current condition of the roof.

(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same;

**RESPONSE**:

    (a)    When the case involves sophisticated parties in a commercial transaction, the product injures only itself and not other property belonging to the plaintiff, the South Carolina Commercial Code provides the exclusive rights and remedies under the economic loss doctrine. <u>Myrtle Beach Pipeline Corporation v. Emerson Electric Co.</u>, 843 F.Supp. 1027 (D.S.C. 1993), Aff'd 46 F.3d 1125 (4th Cir. 1995).

    (b)    The applicable statute of limitations for negligence is three years pursuant to S.C. Code Ann. § 15-3-530 and § 15-5-535. The statute begins to run when Plaintiff knew or should have known that a cause of action exists.

2

    (c)    A plaintiff may recover only if his or her negligence is not greater than that of the defendant. <u>Nelson v. Concrete Supply Co.</u>, 303 S.C. 243, 399 S.E.2d 783 (1991).

    (d)    The plaintiff must take reasonable steps to avoid damages that are reasonably avoidable. <u>Chastain v. Owens – Carolina, Inc.</u>, 310 S.C. 417, 426 S.E.2d 834 (Ct. App. 1993).

    (e)    This case is subject to the joint and several statute established July 1, 2005, found at S.C. Code Ann. § 15-38-15 which abolishes joint and several liability for any Defendant who is less than 50% at fault.

(5)    Absent special instructions of the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

    (a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    (b)    Completion of discovery.

**<u>RESPONSE</u>**:

See Proposed Scheduling Order submitted to the Court.

(6)    The parties shall inform the Court whether there are any special circumstances which would affect the timeframes applied in preparing the Scheduling Order. See generally Local Civil Rule 16.02(C).

**<u>RESPONSE</u>**:

Not applicable.

(7)    The parties shall provide any additional information requested in the pre-Scheduling Order (Local Civil Rule 16.01 or otherwise requested by the assigned judge.)

**<u>RESPONSE</u>**:

None.

Respectfully submitted,

COLLINS & LACY, P.C.

By:    <u>s/Gray T. Culbreath</u>
      GRAY T. CULBREATH, Fed. I.D. No. 5647
      gculbreath@collinsandlacy.com
      CHRISTIAN E. BOESL, Fed. I.D. No. 9289
      cboesl@collinsandlacy.com
      1330 Lady Street, Suite 601 (29201)
      Post Office Box 12487
      Columbia, South Carolina 29211
      (803) 256-2660
      (803) 771-4484 (f)

      ATTORNEYS FOR DEFENDANTS

Columbia, South Carolina
November 7, 2005

4

**CERTIFICATE OF MAILING**

This is to certify that on this 7th day of November, 2005, a true and correct copy of the above and foregoing is being electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

COUNSEL SERVED:     Thomas E. Williams, Esquire
                    FINN LAW FIRM, P.C.
                    Post Office Box 6003
                    Hilton Head, SC  29938

                    Daniel S. Cohen, Esquire
                    BRANNEN, SEARCY & SMITH, LLP
                    Post Office Box 8002
                    Savannah, GA  31412

s/Gray T. Culbreath            .
GRAY T. CULBREATH